197 So.2d 241 (1967)
Billy Preston PHILLIPS
v.
STATE of Mississippi.
No. 44171.
Supreme Court of Mississippi.
April 3, 1967.
*242 Vollor & Thames, Vicksburg, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
On March 9, 1966, the Circuit Court of Warren County appointed Honorable Lee Davis Thames of the Warren County Bar to represent Billy Preston Phillips who had been bound over to await the action of the Grand Jury on a charge of assault and battery with intent to kill.
On March 14, 1966, the Grand Jury returned an indictment against Phillips for assault and battery with intent to kill and murder one Erwin Grant. On March 15, 1966, the circuit court conducted a hearing on a motion to make available to the defendant and his duly appointed attorney the services of a competent and qualified psychiatrist. The motion reads in part as follows:
"Upon a hearing before this Court on March 9th, 1966 the Court ruled that the Defendant was indigent, without funds, and entitled to Court appointed counsel; Defendant made statements that he might, in the future, be able to secure funds; the Defendant now knows that no money will be forthcoming and that he is completely without any funds now or in the future; 2. This Honorable Court appointed Lee Davis Thames to serve as counsel for the Defendant; since that time counsel has investigated the facts and looked into the background of the Defendant; counsel has learned that the Defendant has a history of mental disorder and insanity in his family, and the Defendant has been treated in several mental hospitals for mental disorders, having been ordered there after having been charged with crime in other states; 3. Defendant is lucid and has been lucid throughout all interviews with counsel; Defendant has done absolutely nothing to indicate that he is incapable of conducting a defense or assisting counsel in conducting a defense. Counsel feels that the Defendant is sane and capable of standing trial. Nonetheless there is a question as to whether or not Defendant was sane at the time of the offense for which he is now charged. The nature of the offense, coupled with the Defendant's history of mental illness, leads counsel to question Defendant's mental condition at the time of the alleged commission of the alleged offense. Defendant's present mental capacity is unquestioned by counsel. 4. Without advice from a qualified psychiatrist who has been afforded the opportunity and the time to examine the defendant, and to confer with defendant's counsel, counsel cannot determine the necessity, advisability, or propriety of a plea of not guilty by reason of insanity, nor whether or not the Defendant had at the time of the commission of the alleged offense the mental capacity to form the necessary criminal intent to commit the crime charged; counsel's ability to render the Defendant an adequate and effective legal defense, and counsel's ability to legally advise Defendant in this aspect of the case, depends upon counsel's being able to obtain psychiatric information about his client. Defendant is without funds with which to obtain a psychiatrist. The failure of the State to provide the Defendant with services of a psychiatrist in order to conduct an adequate defense is a violation of the 6th and 14th Amendments to the United States Constitution and the laws and Constitution of the State of Mississippi; * * *."
On March 18, 1966, the circuit court overruled the motion to make available to the defendant and his appointed counsel the services of a competent and qualified psychiatrist, *243 and in its Order overruling the motion, the court found:
"* * * the Motion is not made on any basis that the Defendant may be presently incompetent but on the possibility that he may have been incompetent at the time of the commission of the crime; and the Court having heard and considered the able argument of Counsel, and being otherwise advised in the premises;
It is hereby Ordered and Adjudged that the said Motion is hereby Overruled." (Emphasis added)
On March 21, 1966, the court-appointed counsel for the defendant, filed a Motion for Continuance supported by Affidavit attached to the motion. In his supporting affidavit, affiant stated that he was a resident citizen of the State of Ohio and a stranger in Warren County, Mississippi; that at the time of the disturbance which formed the basis of the charges against him, he was accompanied by Margaret Susie Wilson and Jimmy Cline; and that these two witnesses are material, important and vital to his defense, but that they were delivered to the Ohio authorities to answer charges filed against them there. The defendant asked the State of Mississippi to furnish funds to transport these two witnesses and to make these two witnesses available to the defendant in Vicksburg, Mississippi. This Motion for Continuance was overruled by the court.
The defendant pleaded not guilty, but after a full trial, the jury returned a verdict of guilty as charged, and the defendant was sentenced to serve ten years in the Mississippi State Penitentiary.
The defendant assigns as error:
1. The failure of the lower court to grant this indigent defendant assistance of a psychiatrist to advise with his court-appointed counsel in preparing a defense.
2. The court erred in overruling defendant's Motion for Continuance and Motion for the summoning of material witnesses.
The testimony shows that the defendant and his two companions had begun drinking about nine o'clock a.m. on February 16, 1966, that the defendant had taken two yellow jackets, sometimes known as "goof balls", and had consumed a considerable amount of beer and whiskey before arriving at the Three Guy's Smoker, the scene of the disturbance. There the defendant took three more yellow jackets and consumed more beer and whiskey. He got in a dispute with his girl friend, shot his pistol several times around her and grazed her arm with one bullet. He disarmed and held prisoner two police officers who had arrived on the scene. While the defendant and these two policemen were in a back room of the Smoker, Police Captain Erwin Grant arrived at the open door of the back room. Defendant heard and saw Captain Grant in the dark outside of this open door and while holding these two policemen at bay with a pistol in his right hand, he fired three or four shots at Captain Grant with a pistol in his left hand. As he fell, Captain Grant fired at defendant hitting him in the leg. Defendant ran out the front door of the Three Guy's Smoker, was captured by two other policemen, and taken to police headquarters.
Defendant testified that he didn't remember anything after pulling a pistol on the two policemen until he was arrested and taken into custody in front of the Three Guy's Smoker.
Defendant was 32 years old at the time of the trial and testified that he had been in three mental institutions and about forty-three jails.
The Sixth Amendment to the Constitution of the United States provides that "In all criminal prosecutions, the accused shall * * * have the Assistance of Counsel for his defense."
Article 3, Section 26 of the Mississippi Constitution provides that:
"In all criminal prosecutions the accused shall have a right to be heard *244 by himself or counsel, or both, to demand the nature and cause of the accusation, to be confronted by the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed; * * *."
Neither the United States Constitution nor the Mississippi Constitution requires that the Nation or State furnish an indigent defendant with the assistance of a psychiatrist. The only assistance that they require is the assistance of legal counsel.
In the instant case, the defendant was furnished with highly competent, able and skilled legal counsel at the expense of the State. This was all that the court was required to do. The judgment of the lower court is affirmed.
Affirmed.
GILLESPIE, P.J., and JONES, PATTERSON and INZER, JJ., concur.